IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONA MATHEWS,<br><br>        Plaintiff,<br><br>   v.<br><br>THE ARCHDIOCESE OF THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendant.<br>                                        / | No. C 14-1665 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, GRANTING PLAINTIFF'S MOTION TO REMAND TO SAN FRANCISCO SUPERIOR COURT, AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS** |

      Several motions are scheduled for a hearing on June 6, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are suitable for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiff's motion to file the second amended complaint, GRANTS plaintiff's motion to remand this case to the Superior Court for the County of San Francisco, and DENIES AS MOOT defendants' motion to dismiss the first amended complaint.

**BACKGROUND**

      On January 29, 2014, plaintiff Jhona Mathews filed this lawsuit in the Superior Court for the County of San Francisco against defendants Bill McLaughlin, Monsignor James Tarantino, The Archdiocese of San Francisco, and Capuchin Franciscan Order of California – Western American Province. On March 5, 2014, plaintiff filed a first amended complaint alleging the following causes of

action: (1) sexual harassment in violation of the California Fair Employment Housing Act; (2) gender discrimination and harassment under Title VII of the Civil Rights Act of 1964; (3) sexual harassment in violation of California Civil Code § 51.9; (4) retaliation in violation of Title VII; (5) breach of the implied covenant of good faith and fair dealing; (6) negligent supervision; (7) negligent hiring and/or retention; (8) gender violence in violation of California Civil Code § 52.4; (9) sexual battery in violation of California Civil Code § 1708.5; (10) civil conspiracy to commit sexual harassment; (11) intentional misrepresentation (fraud); (12) civil conspiracy to commit fraud; and (13) intentional infliction of emotional distress.

On April 10, 2014, defendants The Archdiocese of San Francisco and Capuchin Franciscan Order of California – Western American Province removed this case to this Court on the basis of federal question jurisdiction due to plaintiff's two Title VII claims. The same day defendants McLaughlin and Tarantino filed notices of joinder in the removal. On April 17, 2014, all defendants except McLaughlin filed a motion to dismiss some but not all claims alleged in the first amended complaint.

On April 25, 2014, plaintiff filed a motion to remand and a second amended complaint.[1] The proposed second amended complaint drops the two Title VII claims and adds factual allegations in support of the state claims and a claim for punitive damages. On April 30, 2014, plaintiff filed a motion for leave to file the second amended complaint.

## DISCUSSION

Plaintiff seeks to file a second amended complaint which drops the two federal claims and to have this case remanded to state court. When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). Upon a defendant's removal of a case to federal court, the court "shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if the court chooses, it may in its discretion "remand all matters in which State law predominates." 28 U.S.C. § 1441(c). A district court has the discretion to remand a properly

---

[1] Plaintiff's counsel state that they mistakenly failed to first obtain written consent from defense counsel or leave of court in order to file the second amended complaint.

2

removed case to state court when no federal claim remains, "upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 2001). In deciding whether to remand, courts should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon*, 484 U.S. at 350. The Supreme Court in *Carnegie–Mellon* noted that a district court has "a powerful reason to choose not to continue to exercise jurisdiction" when all federal claims have been eliminated at an early stage of the litigation. *Id.* at 350-51.

Defendants argue that this Court should exercise its discretion and retain jurisdiction over the state claims, and that the Court should rule on the pending motion to dismiss the first amended complaint. Defendants assert that plaintiff seeks to remand this case to state court for the bad faith purpose of avoiding this Court's anticipated ruling on defendants' motion to dismiss the first amended complaint. Plaintiff denies engaging in bad faith, and argues that remand is in the interest of judicial economy, convenience, fairness and comity because this litigation is at its inception and plaintiff wishes to pursue solely state law claims.

The Court exercises its discretion and concludes that remand is proper. The proposed second amended complaint alleges eleven state law claims and no federal claims. Upon removal to this Court, plaintiff moved promptly for remand and to amend the complaint. This case is at the earliest stages of litigation: the parties have not begun discovery, and the initial case management conference in this Court is not scheduled until July 18, 2014. The cases cited by defendants in support of their argument that this Court should retain jurisdiction are inapposite. In those cases, remand was not in the interest of judicial efficiency because the federal claims were dismissed at a much more advanced stage of litigation. *See, e.g.*, *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 715 (9th Cir. 1990) (holding district court properly ruled on three pendent state claims on summary judgment prior to plaintiff filing a stipulation to dismiss federal claim, and noting "[m]oreover, it was no abuse of discretion for the district court to refuse to remand these claims after it had already decided them."); *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287-88 (6th Cir. 1992) (affirming decision to retain jurisdiction over state claims after dismissal of federal claim because case had been on docket for

two years, parties had completed discovery and compiled a "voluminous record," and an "extensively briefed summary judgment motion was ripe for a ruling by the district court").

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to file a second amended complaint, and GRANTS plaintiff's motion to remand and REMANDS this case to San Francisco Superior Court. The Court does not rule on the sufficiency of the state claims alleged in the second amended complaint, and defendants may renew their challenges to those state claims by filing a demurrer in state court. The clerk shall close the file and send the necessary materials to San Francisco Superior Court.

This order resolves Docket Nos. 11, 14 and 17.

**IT IS SO ORDERED.**

Dated: June 2, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4